# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOSEPH W. ATKINS,

      Petitioner,

v.                                       Case No. 4:19-cv-198-MW/MJF

SECRETARY, FDOC,

      Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner Joseph W. Atkins has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 8), and a motion to proceed *in forma pauperis* (Doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. The undersigned concludes that this case should be dismissed for lack of jurisdiction, however, because Atkins's petition is an unauthorized "second or successive" habeas corpus application.[1]

---

[1] The matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

I.   **Background and Procedural History**[2]

On April 18, 2011, Atkins was convicted of one count of Burglary of a Dwelling (Count I) and one count of Grand Theft (Count II) in Leon County Circuit Court Case No. 2009-CF-1945. (Doc. 1, p. 1; *see also* Case No. 4:17-cv-176-WS/EMT, Doc. 38, p. 2 (Report and Recommendation) and Doc. 29, Ex. A, pp. 155-67) (judgment and sentence)). Atkins was sentenced on the burglary as a Habitual Felony Offender and a Prison Releasee Reoffender to 30 years of imprisonment, with a 15-year mandatory minimum term of imprisonment. (*Id.*). Atkins was sentenced on the grand theft as a Habitual Felony Offender to 10 years of imprisonment, to run concurrently with the burglary sentence. (*Id.*). The court

---

[2] The background and procedural facts are drawn from Atkins's pleadings (Docs. 1, 6, 8) and are judicially noticed from the Report and Recommendation entered in the previous § 2254 case Atkins filed in this court challenging his Leon County Circuit Court judgment in Case No. 2009-CF-1945. *See Atkins v. Sec'y, Fla. Dep't of Corr.*, Case No. 4:17-cv-176-WS/EMT, Doc. 38 (Report and Recommendation), *adopted by* Doc. 40 (N.D. Fla. Mar. 26, 2019). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). The facts recited here are also confirmed by the state court record, which is part of the record in Case No. 4:17-cv-176-WS/EMT, Doc. 29 (copy of state court record in Case No. 2009-CF-1945). Atkins acknowledges his prior § 2254 proceeding in his present petition. (Doc. 1, p. 2; Doc. 8, p. 1).

ordered that the composite term of the two sentences run consecutive to Atkins's sentence in Leon County Circuit Court Case No. 2009-CF-1836. (*Id.*).[3] The court ordered that Atkins not receive jail credit on his sentence, because the sentence was consecutive to Case No. 2009-CF-1836, and Atkins already had received jail credit in Case No. 2009-CF-1836. (*See* Case No. 4:17-cv-176-WS-EMT, Doc. 29, Ex. B, p. 264 (sentencing transcript)). Atkins's judgment in Case No. 2009-CF-1945 was affirmed on direct appeal. *Atkins v. State*, No. 1D11-2309, 107 So. 3d 408 (Fla. 1st DCA 2013) (Table).

Atkins moved for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 1, p. 2; *see also* Case No. 4:17-cv-176-WS/EMT, Doc. 38, p. 3 (Report and Recommendation), Doc. 29, Ex. R, pp. 100-200 (copy of Rule 3.850 motion)). After an evidentiary hearing, the state circuit court granted relief on one postconviction claim and ruled that Atkins was entitled to a new trial on the grand theft charge. (Doc. 1, p. 2; *see also* Case No. 4:17-cv-176-WS/EMT, Doc. 38, p. 3 (Report and Recommendation), Doc. 29, Ex. S, pp. 335-339 (copy of state court order)). The state circuit court denied relief on Atkins's remaining postconviction claims. (*Id.*). The First DCA affirmed on October 29, 2015, with the mandate issuing

---

[3] In Case No. 2009-CF-1836, Atkins was convicted of Grand Theft and sentenced to 10 years of imprisonment as a Habitual Felony Offender. (Doc. 1, p. 2; Doc. 8, p. 1).

November 16, 2015. *Atkins v. State*, No. 1D14-5661, 177 So. 3d 252 (Fla. 1st DCA 2015) (Table).

While Atkins's postconviction appeal was pending, on December 15, 2014, the State nolle prossed the Grand Theft charge in Case No. 2009-CF-1945. (Doc. 1, p. 2; *see also* Case No. 4:17-cv-176-WS/EMT, Doc. 29, Ex. S, p. 344). The website of the Leon County Clerk of the Circuit Court shows that an amended judgment and sentence was entered on April 22, 2016, *nunc pro tunc* to December 15, 2014. (*See* Leon County Clerk of the Circuit Court and Comptroller Court Case Search, https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/process.asp?report=full_view&caseid=0&jiscaseid=685345). This court takes judicial notice of entry of the amended judgment on that date.[4]

On April 4, 2016, Atkins filed another Rule 3.850 motion in the state circuit court challenging his burglary conviction on the ground that his postconviction counsel was ineffective for failing to move to "dismiss" the conviction upon the State nolle prossing the grand theft charge. (*See* Case No. 4:17-cv-176-WS/EMT,

---

[4] This court may take judicial notice of another court's order for the limited purpose of recognizing the "judicial act" that the order represents. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also Thomas v. Sec'y, Fla. Dep't of Corr.*, 644 F. App'x 887, 888 (11th Cir. 2016) (taking judicial notice, from the state circuit court's website, that the state court denied the petitioner's postconviction motion on a particular date).

Doc. 38, p. 4 (Report and Recommendation), Doc. 29, Ex. AA, pp. 3-9 (copy of Rule 3.850 motion)). On April 19, 2016, the state circuit court denied the motion. (*Id.* at Doc. 29, Ex. AA, pp. 10-11). The First DCA affirmed on September 29, 2016, with the mandate issuing February 8, 2017. *Atkins v. State*, No. 1D16-2460, 208 So. 3d 705 (Fla. 1st DCA 2016) (Table).

In the meantime, on November 15, 2016, Atkins filed his first federal habeas petition under 28 U.S.C. § 2254, challenging his Burglary of a Dwelling conviction in Case No. 2009-CF-1945. (Doc. 1, p. 2; *see also* Case No. 4:17-cv-176-WS/EMT, Doc. 1). On February 4, 2019, the assigned magistrate judge recommended that the petition be denied on the merits. (*See* Case No. 4:17-cv-176-WS/EMT, Doc. 38). Atkins filed objections. (*See* Case No. 4:17-cv-176-WS/EMT, Doc. 39). On March 26, 2019, the District Court adopted the magistrate judge's report and recommendation and denied Atkins's habeas petition. (*See* Case No. 4:17-cv-176-WS/EMT, Doc. 40). Judgment was entered March 26, 2019. (*See* Case No. 4:17-cv-176-WS/EMT, Doc. 41). Atkins did not appeal.

Atkins initiated this new § 2254 proceeding a mere 30 days later, on April 25, 2019, again challenging his Burglary of a Dwelling conviction in Case No. 2009-CF-1945. (Doc. 1). Atkins sought to circumvent any jurisdictional or statute of limitations bar by claiming that he was proceeding "under A New Amended

Judgment". (Doc. 1, p. 1). To support this contention, Atkins asserted that he was re-tried in Leon County Circuit Court Case No. 2009-CF-1836 and found not guilty on May 18, 2018. (Doc. 1, pp. 2, 3). Atkins argued that because his burglary sentence in Case No. 2009-CF-1945 was run consecutive to his sentence in Case No. 2009-CF-1836, and the latter sentence was vacated, he was "operating under a 'New Amended Judgment'" in Case No. 2009-CF-1945. (Doc. 1, pp. 1, 3).

The undersigned required Atkins to clarify his conclusory assertion that he was operating under a new amended judgment in Case No. 2009-CF-1945. On May 2, 2019, the undersigned ordered Atkins to file an amended petition on the court form, and to identify the date of the judgment he is challenging. (Doc. 4, pp. 1-2). The order explicitly stated: "<u>If Petitioner is challenging an amended or corrected judgment, he must identify the date that judgment was rendered</u>." (Doc. 4, pp. 1-2) (emphasis added).

Atkins responded that he could not provide the court with the date an amended or corrected judgment was rendered in Case No. 2009-CF-1945, because the state trial court had not ruled on a motion he filed on July 26, 2018, seeking jail credit and entry of an amended judgment. (Doc. 6, pp. 1-2). Atkins sought a 90-day extension of time to file his amended federal habeas petition, hoping that the state court would

resolve his motion by then. (*Id.*). The undersigned denied an extension of time. (Doc. 7).

Atkins filed his amended § 2254 petition on June 5, 2019. (Doc. 8). The petition is not on the court form and, predictably, does not identify the date Atkins's claimed "New Amended Judgment" was rendered. (Doc. 8, p. 1). Instead, Atkins repeats his belief that his acquittal after re-trial in Case No. 2009-CF-1836 "thereby created a New Amended Judgment due to consecutive sentencing." (Doc. 8, pp. 1-2, 3). Atkins reiterates that after he was acquitted in Case No. 2009-CF-1836, he filed a motion for jail credit against his burglary sentence and the entry of an amended judgment in Case No. 2009-CF-1945. (Doc. 6, p. 2; Doc. 8, p. 2). According to Atkins, the State responded on October 25, 2018, and conceded that he was entitled to jail credit. (Doc. 6, p. 2; Doc. 8, p. 2). Atkins concludes that the State's concession also means the State "conced[ed] the need to amend its final judgment". (Doc. 6, p. 2; Doc. 8, p. 2). Atkins admits though, and the website of the Leon County Clerk of the Circuit Court confirms, that the state trial court has stayed proceedings in Case No. 2009-CF-1945, and has not ruled on Atkins's motion for jail credit and an amended judgment. (Doc. 8, p. 4; *see also* Leon County Clerk of the Circuit Court and Comptroller Court Case Search, https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/process.asp?rep

ort=full_view&caseid=0&jiscaseid=685345). Atkin's judgment in Case No. 2009-CF-1945 has not been amended since April 22, 2016.

## II. Discussion

Section 2244(b)(3)(A) of Title 28 of the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because the prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

"Whether a petition is second or successive depends on the judgment challenged." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir.

2017) (internal quotation marks and citation omitted); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278-79 (11th Cir. 2014) (holding that in determining whether a habeas petition is a "second or successive" application, "the judgment is the center of the analysis"); *Burton*, 549 U.S. at 156 (recognizing that as the dispositive question). "The judgment that matters for purposes of section 2244 is 'the judgment authorizing the prisoner's confinement.'" *Patterson*, 849 F.3d at 1325 (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)).

It is apparent from Atkins's pleadings and judicially noticed facts that Atkins's present § 2254 petition challenging his Burglary of a Dwelling conviction and sentence in Case No. 2009-CF-1945 is a "second or successive" habeas corpus application. Atkins's present § 2254 petition challenges the same judgment as his prior § 2254 petition, namely, the amended judgment of conviction and sentence for Burglary of a Dwelling in Case No. 2009-CF-1945 entered on April 22, 2016, *nunc pro tunc* to December 15, 2014.

The conclusion that Atkins's present petition is a "second or successive" application flows from a straightforward application of the Supreme Court's decision in *Burton v. Stewart, supra*. In *Burton*, the petitioner was convicted and sentenced in state court in 1994. *Burton*, 549 U.S. at 149. Mr. Burton moved for resentencing based on vacatur of an unrelated prior conviction. *Id*. at 150. The state

trial court imposed a new sentence and entered an amended judgment and sentence. *Id*. The state appellate court affirmed the conviction but remanded for a second resentencing. *Id*. In March 1998, the state trial court imposed a new sentence and entered a second amended judgment and sentence. *Id*. at 151. In December 1998, while his state court appeal of the new sentence was pending, Burton filed a § 2254 habeas petition challenging his 1994 conviction. *Burton*, 549 U.S. at 151. The federal district court denied the petition on the merits. *Id*. The court of appeals affirmed, and the United States Supreme Court denied certiorari. *Id*.

After Burton's state court appeal concluded in 2002, Burton filed a § 2254 habeas petition challenging only his 1998 sentence. The federal district court denied relief on the merits, and the court of appeals affirmed. *Id*. at 153. The United States Supreme Court reversed, holding that the petition should have been dismissed as an unauthorized "second or successive" habeas corpus application. *Id*. at 153. The Court reasoned:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Burton*, 549 U.S. at 153.

The Court rejected Burton's argument "that his 1998 and 2002 petitions challenged different judgments" because his first petition identified the pertinent judgment as the 1994 judgment, while the 2002 petition challenged the sentence imposed in the 1998 judgment. *Id*. at 155. The Court explained: "The 1998 judgment, however, had been entered nine months before Burton filed his first petition. That judgment, the same one challenged in the subsequent 2002 petition, was the judgment pursuant to which Burton was being detained. . . . [T]here was no new judgment intervening between the two habeas petitions." *Id*. at 156.

The same is true here. Atkins's pleadings, this court's records, and the Florida court records establish that the judgment authorizing Atkins's current detention for Burglary of a Dwelling in Case No. 2009-CF-1945, is the amended judgment and sentence entered on April 22, 2016, *nunc pro tunc* to December 15, 2014. When Atkins filed his first § 2254 petition on November 15, 2016, he was being held in custody pursuant to that amended judgment. When Atkins filed his present § 2254 petition, he was still being held in custody pursuant to the same 2016 judgment. To date, there has been no new judgment intervening between Atkins's first habeas

petition and this second one. Atkins's conclusory assertion to the contrary is belied by the record, including his own allegations.

Atkins's current § 2254 petition is a "second or successive" habeas corpus application. Atkins does not allege or show that he obtained the Eleventh Circuit's authorization to file it. Atkins's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III.   Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Atkins has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

      The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, it is **ORDERED**:

Atkins's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.

The undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus (Doc. 8), challenging Atkins's judgment of conviction and sentence in *State of Florida v. Joseph W. Atkins*, Leon County Circuit Court Case No. 2009-CF-1945, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City Beach, Florida, this 26th day of June, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.